IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **TRACY LEIGH LINDSEY, # 189896,** | * |
| **Plaintiff,** | * |
| vs. | * CIVIL ACTION NO. 22-00288-JB-B |
| **BILLY LINDSEY,** | * |
| **Defendant.** | * |

## REPORT AND RECOMMENDATION

This action is before the Court for review. Plaintiff Tracy Leigh Lindsey ("Lindsey"), an Alabama state prison inmate, filed a *pro se* complaint[1] against his older brother, Billy Lindsey, alleging that his brother wrongfully retained money and property to which Lindsey was entitled under their grandmother's will. (Doc. 1).[2]

In an order dated July 25, 2022, the Court noted that Lindsey did not pay the statutory filing fee and did not file a motion to proceed without prepayment of fees when he initiated this action. (Doc. 2 at 1). Accordingly, the Court ordered Lindsey to either

---

[1] Lindsey's original complaint was titled: "Complaint for Money Owed and Mineral Rights. And Disclosure and Ownership of Property. From The Last WILL of Testament for and From: Mrs. Alice Marie Anderson. Grandmother." (Doc. 1 at 1).

[2] This case was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(S).

1

file a motion to proceed without prepayment of fees or pay the $402.00 filing fee by August 25, 2022.  (Id. at 1-2).

In the same order, the Court noted that Lindsey's complaint was woefully deficient as drafted, primarily because it failed to state a basis for federal subject matter jurisdiction.  (Id. at 2).  The undersigned informed Lindsey that, "[i]n federal court, subject matter jurisdiction can be found under either diversity jurisdiction, where the amount in controversy exceeds $75,000 and the parties are citizens of different states, or federal question jurisdiction, where the case 'arises under the Constitution, laws or treaties of the United States.'"  (Id.).  The Court observed that Lindsey's complaint did not raise a federal question and pointed out that diversity jurisdiction was likewise lacking because the complaint indicated that both parties were citizens of Alabama.  (Id. at 2-3).  The Court ordered Lindsey to file an amended complaint setting forth a valid basis for this Court's jurisdiction by August 25, 2022.  (Id. at 3).  The Clerk was directed to send Lindsey a copy of this Court's Pro Se Litigant Handbook, and Lindsey was cautioned that failure to timely file an amended complaint establishing federal jurisdiction would result in a recommendation that this action be dismissed.  (Id.).

In response to the Court's order, Lindsey filed a motion to

proceed without prepayment of fees[3] and an amended complaint that is now his operative pleading. (Docs. 3, 4). Lindsey's amended complaint appears to utilize the form complaint found in this Court's Pro Se Litigant Handbook. (See Doc. 4). The amended complaint lists Billy Lindsey as the sole Defendant, and it lists Billy Lindsey's address as: "(Motel Bed and Breakfast) Located on Daulphin Island."[4] (Id. at 1). The amended complaint indicates that Lindsey is bringing this action against his brother for "Theft/Fraud of property, money, Land. Negligence Refuse to execute Grandmothers Will. (Theft and Fraud) Negligence, Fraud, Withholding assetts and half share of Grandmother's Assetts (Willed) to Tracy L. Lindsey and Billy Lindsey." (Id.).

When prompted on the form to state the grounds for jurisdiction, Lindsey states: "Divirsity. (Federal Question) I was not aware of my grandmothers Will my father Vernon Lindsey explained To me about my grandmothers will, that I got half of all my Grandmother's Assetts. Half or a justifiable share of motel – Bed and Breakfast.) Daulphin Island." (Id.). Lindsey states that he was told by his mother, grandmother, and father that he "was

---

[3] Because this action is due to be dismissed for lack of subject matter jurisdiction, the undersigned takes no action on Lindsey's motion to proceed without prepayment of fees.

[4] Unless otherwise indicated by brackets, quoted language from the amended complaint is reproduced herein without modification or correction for typographical, grammar, or spelling errors.

3

left in the same will equally as [his] brother – Billy Lindsey." (Id. at 2).  He alleges that his grandmother died in 1984, when he was ten years old, and that his "older brother Billy Lindsey has denied [his] share of the Will ever since she passed away, saying that [Lindsey doesn't] deserve anything."  (Id.).

For relief, Lindsey requests that the Court "support [his] claim and rights" and "help [him] get all that [his] Grandmother left [him] in her Will plus legal intrest to be included with the original principal amounts owed to [him]."  (Id.).  He also requests that "an injction be put in place and or a Court order to warn and advise Billy Lindsey to produce the Will and to not conceal, hide, transfer property and money durring the process in Court."  (Id.).

As this Court previously informed Lindsey, federal courts are courts of limited jurisdiction and are authorized by Constitution and statute to hear only certain types of actions.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  Federal courts are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking" and should do so "at the earliest possible stage in the proceedings."  Univ. of S. Alabama v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).

"In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question

4

jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).  "For a federal court to have diversity jurisdiction the plaintiff must allege a proper jurisdictional basis in the complaint including an amount in controversy in excess of [$75,000] exclusive of interest and costs, and that the plaintiff and defendants are citizens of different states."[5] Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) (citing 28 U.S.C. § 1332).  A plaintiff properly invokes federal question jurisdiction under § 1331 when he "pleads a colorable claim 'arising under' the Constitution or laws of the United States."  Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006).  "A claim invoking federal-question jurisdiction under 28 U.S.C. § 1331 . . . may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.*, if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'"  Id. at 513 n.10 (quoting Bell v. Hood, 327 U.S. 678, 682-83 (1946)).

"The plaintiff bears the burden of affirmatively asserting facts that show the existence of jurisdiction and including 'a

---

[5] "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." Taylor, 30 F.3d at 1367.  The citizenship of a natural person is the person's place of domicile, which requires both residence in a state and an intention to remain in that state indefinitely. Travaglio v. Am. Exp. Co., 735 F.3d 1266, 1269 (11th Cir. 2013).

short and plain statement of the grounds upon which the court's jurisdiction depends.'" DeRoy v. Carnival Corp., 963 F.3d 1302, 1311 (11th Cir. 2020) (citations omitted). "And it is the facts and substance of the claims alleged, not the jurisdictional labels attached, that ultimately determine whether a court can hear a claim." Id.

When a plaintiff fails to allege facts that, if true, show that federal subject matter jurisdiction over his case exists, "district courts are constitutionally obligated to dismiss the action altogether if the plaintiff does not cure the deficiency." Travaglio v. Am. Exp. Co., 735 F.3d 1266, 1268 (11th Cir. 2013); see Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

In the Court's order dated July 25, 2022, the undersigned specifically informed Lindsey that his original complaint did not demonstrate the existence of diversity jurisdiction because it indicated that both parties were citizens of Alabama. (See Doc. 2 at 2-3). Notwithstanding the foregoing, Lindsey's amended complaint asserts "Divirsity" as a ground for jurisdiction while again failing to provide any indication that the parties are citizens of different states.[6] Moreover, Lindsey's vague

---

[6] Lindsey lists an Elmore, Alabama address for himself, and he lists his brother's address as a "(Motel Bed and Breakfast) Located

6

allegations regarding his grandmother's will and "assetts," and the unspecified amount of monetary relief requested, do not plausibly suggest that the amount in controversy exceeds $75,000, exclusive of interest and costs. Thus, Lindsey's amended complaint fails to allege facts showing the existence of diversity jurisdiction.

Nor does Lindsey present a colorable claim arising under the Constitution or laws of the United States. See Arbaugh, 546 U.S. at 513. Other than merely listing "(Federal Question)" as a ground for jurisdiction, which appears to have been done solely for the purpose of invoking federal jurisdiction, Lindsey's complaint contains no references to federal law whatsoever and appears to solely involve state law matters concerning the administration of his grandmother's estate. See Miccosukee Tribe of Indians of Fla. v. Kraus-Anderson Constr. Co., 607 F.3d 1268, 1276 (11th Cir. 2010) (finding that a complaint failed to establish federal question jurisdiction under § 1331 where it was "devoid of a single citation to a Constitutional provision, a federal statute, or a recognized theory of common law as the basis for the allegation that the [plaintiff's] cause of action arises under federal law"); see also Curbow v. Alabama, 2006 U.S. Dist. LEXIS 109617, at *2-3, 2006 WL 8436711, at *1 (N.D. Ala. Jan. 31, 2006) ("[N]othing in Mr.

---

on Daulphin Island." (Doc. 1 at 1). The Court takes judicial notice that Dauphin Island is located in Alabama.

7

Curbow's initial pleading even remotely suggests that this Court has federal question jurisdiction over his probate dispute. Nowhere in Mr. Curbow's motion is there a clear assertion of a federal question or in fact any citation or reference to a possible cause of action that arises under the Constitution, laws, or treaties of the United States. Mr. Curbow's dispute appears to solely involve probate, an exclusively state matter. Accordingly, there is no basis for federal question jurisdiction."); Woodfaulk v. Lamar, 2007 U.S. Dist. LEXIS 97462, at *16 (M.D. Fla. Dec. 20, 2007) (finding lack of subject matter jurisdiction over plaintiff's claims regarding alleged errors in the administration of his mother's estate and acts and omissions of the personal representative because plaintiff's "claims regarding the administration of his mother's estate are solely matters of state law, and do not raise a federal issue under 28 U.S.C. § 1331"), report and recommendation adopted, 2008 U.S. Dist. LEXIS 17852, 2008 WL 650444 (M.D. Fla. Mar. 7, 2008).

To be sure, the Court must liberally construe Lindsey's *pro se* pleadings. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, it cannot act as counsel for Lindsey or rewrite his otherwise deficient pleading in order to sustain this action. See Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014). Furthermore, as a *pro se* litigant, Lindsey is still "subject to the relevant law and rules of court, including the

8

Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). And, even when Lindsey's complaint is given the most liberal construction possible, there is no federal question stated on its face.

Because "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts[,]" 28 U.S.C. § 1653, and because "leave to amend should be freely granted when necessary to cure a failure to allege jurisdiction properly[,]" Majd-Pour v. Georgiana Cmty. Hosp., Inc., 724 F.2d 901, 903 n.1 (11th Cir. 1984), the undersigned provided Lindsey with a reasonable opportunity to cure his failure to sufficiently allege a basis for federal subject matter jurisdiction. (See Doc. 2). Lindsey was also expressly warned that "the failure to timely file an amended complaint establishing federal jurisdiction will result in a recommendation of dismissal." (Id. at 3). Despite being afforded this opportunity and warning, Lindsey has failed to amend his complaint to sufficiently allege subject matter jurisdiction. Indeed, given the nature of Lindsey's claims, it does not appear that his deficient jurisdictional allegations are curable.

Because Lindsey's original complaint did not allege facts that, if true, show federal subject matter jurisdiction over this case exists, and because Lindsey's amended complaint fails to cure the deficient jurisdictional allegations, the Court is obligated to dismiss this action. See Travaglio, 735 F.3d at 1268; Fed. R.

9

Civ. P. 12(h)(3). To the extent Lindsey has viable legal claims against his brother relating to the administration and disposition of their grandmother's estate, he must raise those claims in the proper state court. Accordingly, the undersigned recommends that this action be **DISMISSED without prejudice** under Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the

10

specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **25th** day of **August, 2022.**

                                                  **/s/ SONJA F. BIVINS**
                                        **UNITED STATES MAGISTRATE JUDGE**